IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. ____

| | |
|---|---|
| DONNA PERKOSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and, GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF SAS INSTITUTE INC.,<br><br>    Defendants. | **COMPLAINT** |

Plaintiff, Donna Perkoski, by and through counsel, states as her Complaint the following:

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

2. This is an action for payment of long-term disability benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Donna Perkoski ("Plaintiff" or "Ms. Perkoski"), is a resident of Wake County, Apex, North Carolina.

4. Upon information and belief, Defendant Unum Life Insurance Company of America (hereinafter "Unum"), is a foreign insurance company selling policies and conducting other business throughout the United States including, *inter alia*, substantial activity in Wake County, North Carolina.

5. Upon information and belief, the Group Long Term Disability Plan for Employees of SAS Institute Inc. (the "LTD Plan") is an employee welfare benefit plan sponsored by SAS Institute Inc. and governed by ERISA pursuant to 29 U.S.C. §§1002(3), 1003(a) and 1132(d).

6. At all times relevant to this action, Ms. Perkoski was a participant of the LTD Plan.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under ERISA without regard to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

8. Plaintiff is entitled to bring this action as a participant within the meaning of ERISA, 29 U.S.C. §1002(7).

9. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## THE LTD INSURANCE POLICY COVERAGE

10. Upon information and belief, Unum issued a group disability insurance policy to provide long-term disability ("LTD") benefits coverage for specified employees of SAS Institute Inc. (hereinafter the "LTD Policy").

11. At all times relevant to this action, Ms. Perkoski was covered and insured under the LTD Policy.

12. Unum is responsible under the LTD Policy for making all LTD benefit determinations and for paying all LTD benefits from Unum's own funds.

13. Upon information and belief, benefits under the LTD Policy are payable each month through a maximum duration of the end of the calendar month the claimant reaches Social Security normal retirement age.

14. The LTD Policy provides for a maximum duration for Ms. Perkoski to receive LTD benefits through at least August, 2029.

## MS. PERKOSKI'S LONG-TERM DISABILITY CLAIM

15. Ms. Perkoski has a long work history and in May 1998 began working for SAS Institute, Inc.

16. At all times relevant to this action, Ms. Perkoski was employed by SAS, most recently working in a Principal System Software Developer position.

17. On or about May 28, 2016, Ms. Perkoski became disabled under the terms of the LTD Policy.

18. Ms. Perkoski suffers from, *inter alia*, Chronic Fatigue Syndrome (CFS) a/k/a Systemic Exertion Intolerance Disease (SEID), which markedly limits her activities and precludes her from working or dependably engaging in activity at any exertional level.

19. Ms. Perkoski timely applied for LTD benefits under the LTD Policy.

20. If approved, Ms. Perkoski's LTD benefits would be payable after the end of the LTD Policy's elimination (waiting) period, on or about November 26, 2016.

21. By letter dated January 19, 2017, Unum initially denied Ms. Perkoski's LTD benefits.

22. Ms. Perkoski timely appealed Unum's decision to deny her LTD benefits.

23. Ms. Perkoski submitted to Unum voluminous evidence documenting her disability and her inability to perform her own occupation or any occupation, including without limitation: medical records; statements from her treating physician; and her sworn video testimony about her disability and limitations.

24. Ms. Perkoski's treating physician, Charles Lapp, M.D., provided Unum with numerous medical records, including medical opinions that Ms. Perkoski's medical conditions and symptoms severely limit all of her activities of daily living and preclude her from performing any type of work.

25. Ms. Perkoski provided credible evidence of her disability to Unum such that the only reasonable conclusion from all of the evidence is that she is disabled and that she is entitled to LTD benefits under the LTD Policy.

26. By letter dated December 29, 2017, Unum issued its final decision upholding its denial of Ms. Perkoski's LTD benefits.

## **UNUM'S UNREASONABLE BENEFIT DETERMINATION**

27. Unum had an inherent and substantial conflict of interest in administering Ms. Perkoski's claim, by virtue of the fact that Unum is both the insurer of the LTD Policy and payor of benefits, as well as the decision-maker on whether Unum will approve benefits.

28. Unum further has a conflict of interest based on its history of biased and unfair claim administration procedures, including those identified by insurance regulators in a Targeted Multistate Market Conduct Examination report initially completed in 2004.

29. In administering Ms. Perkoski's claim, Unum returned to and used its same prior biased claim administration procedures including those for which it was previously cited by insurance regulators.

30. Because of its conflict of interest, Unum has a pecuniary interest in denying claims under the LTD Policy.

31. Unum's conflict and pecuniary interest in denying LTD claims extends to Ms. Perkoski's claim.

32. Unum's adverse decision to deny Ms. Perkoski's LTD benefits is grossly wrong, without basis and contrary to the evidence before it.

33. Unum's adverse decision is unreasonable, is not based on substantial evidence, is not the result of a deliberate, principled reasoning process, and constitutes an erroneous determination.

34. Unum did not maintain reasonable claim procedures or provide a full and fair review of Ms. Perkoski's claim as required by the LTD Policy and ERISA.

35. Instead, Unum acted only in its own pecuniary interest and violated both ERISA and the LTD Policy through its unreasonable conduct.

36. Unum's unreasonable conduct includes, but is not limited to, the following acts:

   a. administering Ms. Perkoski's claim in a manner for which Unum was previously sanctioned by insurance regulators;

   b. placing an inappropriate burden on Ms. Perkoski to justify her claim for benefits, such as imposing requirements to receive benefits that are not required by the LTD Policy or appropriate for Ms. Perkoski's medical condition;

   c. designing the entire claim review process for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

   d. conducting a review of Ms. Perkoski's claim in a manner calculated to reach the desired result of denying benefits;

e. consulting only biased in-house medical personnel whom Unum suspected or knew would render opinions favorable to Unum;

f. ignoring competent evidence of Ms. Perkoski's disability and without any credible contrary evidence;

g. failing to evaluate or adequately evaluate the nature and totality of Ms. Perkoski's medical condition;

h. unfairly construing and failing to consider properly and credit the records and medical opinions of Ms. Perkoski's treating physicians, without any credible contrary evidence.

37. Upon information and belief, SAS Institute, Inc., as the designated Plan Administrator, did not issue a valid plan document granting Unum discretionary authority to determine eligibility for benefits and to construe the terms of the LTD Plan.

38. As such, the Court should review Unum's adverse decision on Plaintiff's claim under a *de novo* standard of review. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

39. In the alternative, Unum's adverse decision on Plaintiff's claim constitutes an abuse of discretion.

## **CLAIM FOR RELIEF**

40. Plaintiff incorporates by reference Paragraphs 1 through 39 above as if fully set forth below.

41. As more fully described above, Ms. Perkoski exhausted all claim review procedures and administrative remedies to the extent required.

42. As more fully described above, Unum's conduct and its denial and refusal to pay Ms. Perkoski's LTD benefits constitutes a breach of its obligations under its LTD Policy and ERISA.

43. Ms. Perkoski brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce her rights under the LTD Policy and ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. The Court may take and review the records and claim file and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Ms. Perkoski has been entitled to LTD benefits since at least November 26, 2016 and continuing through the present and beyond;

4. Unum's denial decision shall be reversed and Defendants shall provide all LTD benefits and any other benefits due to Plaintiff;

5. Plaintiff shall receive any further relief to which she is entitled to under the LTD Policy and ERISA;

6. Defendants shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendants shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendants shall pay attorney's fees for Plaintiff's counsel; and,

9. Plaintiff shall receive such further relief against Defendants as the Court deems lawful, just and proper.

Respectfully submitted, this 9th day of November, 2018.

                                      **s/Charles McB. Sasser**
                                      By: Charles McB. Sasser
                                      Attorney for the Plaintiff
                                      State Bar No.: 10027
                                      The Sasser Law Firm, P.A.
                                      1011 East Morehead Street
                                      Suite 350
                                      Charlotte, NC 28204
                                      Phone: (704) 342-4200
                                      Fax: (704) 342-0798
                                      msasser@sasserlawoffice.com